Lucas Buckley, WSB #6-3997
Melissa K. Burke, WSB #7-5694
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY  82003-1208
307.634.7723 (telephone)
307.634.0985 (facsimile)
lbuckley@hkwyolaw.com
mburke@hkwyolaw.com

ATTORNEYS FOR DEFENDANTS
TEK RESOURCES LLC, JAMES BAME, AND IPLA P.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RALPH PETER JOHN HENRY, ROCHARD, an individual; and CON SMITH, an individual, | ) ) ) | |
| | ) | Case No. 2:23-cv-00194-ABJ |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ONE WORLD MESSENGER LLC, a Wyoming Limited Liability Company; TEK RESOURCES LLC, a Wyoming Limited Liability Company, JAMES EDWARD BAME, an individual; and IPLA P.A., a California Professional Association, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

COMES NOW Defendants Tek Resources LLC ("Tek"), James Edward Bame ("Bame"),

and IPLA P.A. ("IPLA")[1] by and through counsel, Hathaway & Kunz, LLP, and hereby submit

_____

[1] Defendant IPLA joins in the arguments contained herein to the extent related to the lack of personal jurisdiction over IPLA and as to Counts IX of the proposed Second Amended Complaint. Collectively, Tek, Bame, and IPLA are

this *Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint* and state as follows:

## INTRODUCTION

With the threat of dismissal looming, Plaintiffs are attempting to cure deficiencies in their First Amended Complaint ("FAC"), as identified in Defendants' *Motion to Dismiss* ("MTD"),[2] by seeking leave to file a Second Amended Complaint ("SAC") before this Court rules on the MTD. Plaintiffs' SAC removes claims for Legal Malpractice (Count III, FAC) and Negligence (Count V, FAC) and adds new claims for Breach of Fiduciary Duty (Count III, SAC), Fraud (Count IV, SAC), Aiding and Abetting Fraud (Count V, SAC), Civil Conspiracy (Count VI, SAC), and Negligence Misrepresentation (Count VII, SAC), while also maintaining the prior claims of Breach of Contract (Count I, SAC), Breach of the Covenant of Good Faith and Fair Dealing (Count II, SAC), Unjust Enrichment (Count VII, SAC), and Negligent Supervision (Count IX.)

While leave to amend is freely given when justice so requires, it is also denied when the proposed amendment is futile. *Mountain View Pharm. v. Abbott Lab.*, 630 F.2d 1383, 1389 (10th Cir. 1980) (Futility of amendment may warrant denial of leave to amend if the amended complaint would be subject to dismissal.) Plaintiffs' amendments in the SAC are futile because Plaintiffs' amended claims, along with Plaintiffs' newly asserted claims would be subject to dismissal for the same reasons identified in the MTD and supporting memorandum. Further, Plaintiffs' SAC lacks the requisite detailed allegations required to support claims for Fraud, Aiding and Abetting Fraud,

referred to herein as "Defendants." "Defendants" herein expressly *do not* include Defendant One World Messenger, LLC ("One World").

[2] Defendants hereby incorporate their arguments asserted in their *Memorandum in Support of Defendants' Motion to Dismiss*, ECF 14, as if fully set forth herein as to the claims from the First Amended Complaint that are still levied against Defendants in the SAC, as well as the jurisdictional argument on behalf of Defendant IPLA. Defendant IPLA continues to expressly assert that this Court lacks personal jurisdiction over it, and Defendant IPLA does not waive such argument by submitting this *Response*.

and Civil Conspiracy and would not survive an independent motion to dismiss. The Plaintiffs have already amended their Complaint once and this second amendment is not based on the discovery of new facts or information, but rather rewords factual allegations and rebrands claims previously pled. Therefore, this Court should deny Plaintiffs' request for leave to file the SAC and rule in favor of Defendants on their MTD.

## STANDARD OF REVIEW

"Leave to amend shall be freely given when justice so requires, and the decision of granting leave to amend is within the discretion of the trial court*." Riley v. Unified Caring Ass'n*, No. 13-CV-173-J, 2014 WL 12629944, at *2 (D. Wyo. Nov. 12, 2014). "'However, a district court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment."' *Id.* at *2 (quoting *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). "Futility of amendment may warrant denial of leave to amend if the amended complaint would be subject to dismissal." *Riley*, at *3.

## ARGUMENT

### I. As to the Claims Against Defendant Bame and Defendant Tek.

Plaintiffs continue to assert claims for breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment against Bame and Tek in the SAC as in the FAC. Plaintiffs, however, make no substantive changes to their claims in the SAC, continuing to fail to state a claim for relief as against Bame and Tek. Such failure renders filing the SAC futile as the claims would not survive the MTD as filed or if renewed. Plaintiffs' breach of fiduciary duty claim fails for the same reasons. Moreover, Plaintiffs newly added claims for fraud, aiding and abetting

fraud and civil conspiracy also fail because the alleged fraud claim lacks the necessary particularity required pursuant to Fed. R. Civ. Pro. 9(b). *Schwartz v. Celestial Seasonings, Inc*., 124 F.3d 1246, 1252 (10th Cir. 1997).

      a.   *Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing*

Allowing Plaintiffs to file the SAC as to the claims of  Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing would be futile because the SAC fails to cure the deficiencies identified in the MTD, namely the fact that neither Bame nor Tek are parties to the contracts which form the basis of Plaintiffs' claims. The contracts at issue are solely between Plaintiffs and a non-party MessengerFintech and there remains no factual allegations that Bame or Tek are parties to those contracts. *Peterson v. Meritain Health, Inc.*, 2022 WY 54, ¶ 22, 508 P.3d 696, 705 (Wyo. 2022) ("[i]t is well settled that a non-party to a contract cannot be sued for breach of that contract."); *Scherer Const., LLC v. Hedquist Const., Inc.*, 2001 WY 23, ¶ 19, 18 P.3d 645, 653 (Wyo. 2001) (in Wyoming the "implied covenant of good faith and fair dealing requires that *neither party* commit an act that would injure the rights of the other party to receive the benefit of their agreement." (emphasis added)). Plaintiffs cannot now or in the future remedy these issues because despite their unsupported allegations of a potential contract between Tek and/or Bame and One World, and Tek and/or Bame's actions allegedly "ratif[ying] their obligations" in a contract that neither are a party, there is still no actual contract that exists between the Plaintiffs and Tek and/or Bame. This amendment is futile and should be denied and these claims should be dismissed.

      b.  *Unjust Enrichment*

Notwithstanding tweaking one sentence in their unjust enrichment claim but alleging no amended or additional facts in the SAC in support of the claim, Plaintiffs still fail to state a claim

upon which relief can be granted as against Tek and Bame for unjust enrichment. Plaintiffs' SAC proposes to modify their unjust enrichment claim by replacing the emphasized language here:

> Regardless of the legal sufficiency of any alternative express contract claims in this Amended Complaint, Plaintiffs ***conferred a benefit upon Defendants, who have knowledge of that benefit, in that they continue to benefit from Plaintiffs' investment capital***.

ECF No. 5, ¶ 64 (emphasis added), with the emphasized language here:

> Regardless of the legal sufficiency of any alternative contract claims in this Second Amended Complaint, Plaintiffs ***provided investment funds to Defendant, One World, who continues to benefit from Plaintiffs' investment capital***.

ECF No. 16-1, ¶ 105 (emphasis added)]. This proposed modification only furthers the arguments made in the MTD, explicitly that Plaintiffs *never* provided funds to Defendants nor did Defendants ever receive any funds from MessengerFintech. *See Jacoby v. Jacoby*, 2004 WY 140, ¶ 11, 100 P.3d 852, 856 (Wyo. 2004) (confirming that the benefits rendered must be made directly to the party to be charged). Neither Tek nor Bame were unjustly enriched and, thus, Plaintiffs fail to plead a plausible claim for unjust enrichment against Tek or Bame. In addition, Plaintiffs' SAC fails to remedy the fact that this claim is barred by the economic loss doctrine under Wyoming law. *Rissler & McMurry Co. v. Sheridan Area Water Supply Joint Powers Bd.*, 929 P.2d 1228, 1234 (Wyo. 1996). For these reasons, Plaintiffs' request for leave to amend the complaint should be denied, and this claim should be dismissed.

c. *Negligent Misrepresentation*

Defendants noted in their MTD that Plaintiffs' Negligence claim was in reality a claim for Negligent Misrepresentation. Plaintiffs' SAC now includes a claim for Negligent Misrepresentation, removing the prior "Negligence" claim. Reframing the allegations under the correct claim, however, does not cure the defects with the claim raised in the MTD. Specifically, Plaintiffs fail to add any allegations that they communicated with Bame or Tek prior to their

investment or that any communications with Defendants could have caused Plaintiffs to rely on those communications before investing. Further, Plaintiffs fail to allege any false statements made by Bame or Tek post-investment, and instead double down on the idea that it was somehow Bame or Tek's duty to investigate One World, rather than Plaintiffs' own duty before investing. Any alleged damages suffered by Plaintiffs were incurred prior to any involvement of or communications with Defendants and were the direct results of actions by parties other than Bame or Tek. Nothing in the SAC alleges otherwise, therefore allowing Plaintiffs leave to amend and file the SAC would be futile.

Plaintiffs also fail to address the fact that their claim is contrary to Wyoming law in that the damages claimed are purely economic damages and the direct result of Plaintiffs' contractual relationships with parties other than Defendants. Such claims are barred by the economic loss doctrine. *Rissler*, 929 P.2d at 1234. Plaintiffs request for leave to file the SAC should be denied as futile and this claim should be dismissed for the reasons identified in the MTD.

      d.  *Breach of Fiduciary Duty*

"To establish a claim for breach of fiduciary duty under Wyoming law, the plaintiff must show the existence of a duty based on a fiduciary relationship, a breach of the duty, and that the breach caused him damage." *Westchester Fire Ins. Co. v. Red Horse Constr. LLC*, No. 22-CV-012-NDF, 2022 WL 20335557, at *4 (D. Wyo. July 7, 2022). "[A] fiduciary relationship must be established by clear and convincing evidence." *Burning Rock Energy LLC v. Pinnacle Gas Res., Inc.*, No. 06-CV-47-J, 2007 WL 9705953, at *3 (D. Wyo. Mar. 6, 2007).

Allowing the assumption that Tek was an "Independent Trustee," despite Tek not signing or otherwise ratifying the contracts at issue, to establish that Tek owed a duty to Plaintiffs, Plaintiffs' SAC still fails to state a claim upon which relief can be granted as to breach of fiduciary

duty because Plaintiffs do not identify any breach by Tek or Bame. If Tek or Bame owed Plaintiffs

a fiduciary duty it was to ensure due care of the physical metals that allegedly "insured" Plaintiffs

investments. No failure of such a duty is alleged by Plaintiffs in the SAC, or the FAC and there

are no facts alleged or supported by the record that Tek or Bame breached any duty to Plaintiffs.

Plaintiffs' alleged breaches all revolve around the investment they made with parties other than

Defendants. Allowing Plaintiffs to file the SAC and include the breach of fiduciary duty claim

against Bame and Tek will only result in the filing of a second motion to dismiss but on identical

grounds as Defendants already filed MTD. Such a procedure would be futile, wasting time and

resources of both the parties and this Court, and Plaintiffs' request for leave to amend should be

denied.

     e.  *Aiding and Abetting Fraud and Civil Conspiracy*

     While Plaintiffs' have only alleged a claim for fraud against One World, Plaintiffs' causes

of action for aiding and abetting fraud and civil conspiracy against Tek and Bame are wholly

dependent on proving the fraud claim by clear and convincing evidence against One World. *See*

*Campbell v. Davidson*, 2023 WY 100, ¶ 28, 537 P.3d 734, 743 (Wyo. 2023) (holding that

Plaintiff's failure to establish the underlying fraud claim abrogated the Plaintiffs' ability to pursue

the claim of aiding and abetting fraud.); *White v. Shane Edeburn Const., LLC*, 2012 WY 118, ¶

30, 285 P.3d 949, 958 (Wyo. 2012) ("a plaintiff cannot claim civil conspiracy [] without an

underlying cause of action in tort.") While Defendants make no arguments on behalf of One World,

it must be noted that the allegations as pled by Plaintiffs in the SAC lack the requisite clear and

distinct particularity to establish a fraud claim. *Id*. at ¶ 26, 285 P.3d at 957. As pled the SAC will

result in a dismissal and would be futile. Fed. R. Civ. Pro. 9(b) specifically provides that "[i]n

alleging fraud or mistake, a party must *state with particularity* the circumstances constituting fraud

or mistake." *Schwartz*, 124 F.3d at 1252 (emphasis added.) "The purpose of Rule 9(b) is to afford the defendant fair notice of plaintiff's claim and the factual ground upon which they are based." *Id.* The Court continued, "[s]imply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Id*. Plaintiffs' SAC is impermissibly vague and devoid of substance and fails to meet Rule 9(b)'s particularity requirement; therefore, Plaintiffs' fraud claim is implausible on its face and filing the SAC would be futile.

Bame and Tek are hindered by One World's failure to answer, and an entry of default has recently been entered against it (albeit on the FAC's allegations). ECF No. 17. Consequently, if Plaintiffs are granted leave to file the SAC and include the alleged fraud claim against One World *as well as* the aiding and abetting fraud claim and civil conspiracy claim, because the latter are dependent on the fraud claim, Tek and Bame will be forced to defend a cause of action not charged against them. Notwithstanding, Plaintiffs do not allege any fraud that Tek and Bame aided or abetted, or any facts to support a conspiracy to defraud. Plaintiffs' only allegations in the SAC are the alleged failures to be paid back for their investment subject to the terms of the contracts. Such failures, however, merely allege a failure to timely perform under the contracts by other parties, more properly pled under a breach of contract claim against parties to the contracts and wholly unsupportive of a claim for aiding and abetting fraud or civil conspiracy against Tek and Bame. *See Christian v. Loyakk, Inc.*, 650 F. Supp. 3d 1242, 1269 (D. Wyo. 2023).

Plaintiffs have not offered any set of factual circumstances to survive a motion to dismiss as to the claims against Bame and Tek. A review of the SAC shows nothing more than Plaintiffs ill-fated attempt to twist the exact same facts as were previously known to them and pled in the

FAC and package them into new or modified causes of action in an attempt to avoid dismissal. Such efforts should be met with the highest scrutiny by this Court.

**II. As to the Claim Against Defendant IPLA.**

Plaintiffs' only claim against IPLA is Count IX for Negligent Supervision.[3] Plaintiffs contend that Defendant IPLA is subject to direct liability for its own negligence in failing to adequately supervise its purported employee, Bame. First, this claim maintains the same deficiencies as in the FAC. Second, Plaintiffs fail to address the lack of personal jurisdiction over IPLA. Plaintiffs' failure to carry *their burden* of showing IPLA is subject to personal jurisdiction in Wyoming is fatal to their claim, therefore, allowing Plaintiffs to amend their complaint, and specifically this claim, would be futile.

If the Court considers the negligent supervision claim substantively, Wyoming has adopted the following definition of negligent supervision from § 317 of the Restatement (Second) of Torts:

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>     (a) the servant
>         (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>         (ii) is using a chattel of the master, and
>     (b) the master
>         (i) knows or has reason to know that he has the ability to control his servant, and
>         (ii) knows or should know of the necessity and opportunity for exercising such control.

*Shafer v. TNT Well Serv., Inc.*, 2012 WY 126, ¶ 10, 285 P.3d 958, 962 (Wyo. 2012). The Wyoming Supreme Court held that "Section 317 assumes the existence of an employment relationship *as a*

---

[3] Plaintiffs' FAC levied claims of Legal Malpractice and Negligence against IPLA, both of which have been removed by Plaintiffs in the SAC.

***predicate to liability***." *Id.* (emphasis added). Therefore, Plaintiffs were required, as part of their claim, to plausibly allege that Bame was an employee of IPLA for the claim of negligent supervision to survive. Plaintiffs' SAC is equally devoid of any factual allegation or assertion that Bame was an employee of IPLA as well as any assertion of what IPLA did or did not do, other than the conclusory allegation that it should have "adequately supervise[d]" Bame. ECF No. 16-1, ¶ 119.

The SAC contains the same, slightly modified, allegations that the FAC did in regard to Bame's alleged employment with IPLA – he used an office address of IPLA on his California attorney registration and listed that same address along with TEK's Wyoming registered agent address on two separate written correspondence. ECF No. 16-1, ¶¶ 11, 40. These allegations, however, are concretely countered by IPLA. As declared by Mr. Simon K. Shim in his Declaration filed in support of the MTD, Mr. Shim "is the sole owner of IPLA and the business has no employees, nor has it had employees at any time relevant to the Plaintiffs' Amended Complaint." ECF No. 14-1, ¶ 3. Mr. Shim further declares that Bame served only as a 1099 contractor for IPLA for certain intellectual property related services and his services were unrelated to this litigation. ECF No. 14-1, ¶ 9. Despite Mr. Shim's Declaration, Plaintiffs' make no contradictory allegations in their SAC. Plaintiffs solely rely on the allegation that Bame used an address associated with IPLA, which is insufficient to establish an employment relationship with IPLA. Allowing Plaintiffs to file the SAC would be futile for the same reasons argued in the MTD and those herein.

*Personal Jurisdiction*

Plaintiffs made only one minor change in the SAC as it relates to jurisdiction over the parties by adding "and/or their agents" in the statement that this Court has personal jurisdiction over the Defendants:

The Court has personal jurisdiction over Defendants because they <u>and/or their agents</u> reside and/or transact business in this District.

ECF No. 16-2, ¶ 17 (modification in original). It is assumed that this change is an attempt to address the fact that this Court lacks personal jurisdiction over IPLA. Plaintiffs appear to imply that jurisdiction should extend to IPLA *if* IPLA had an agent residing or transacting business in the State of Wyoming, i.e., Bame. It has been established that Bame is not an employee of IPLA, and Plaintiffs have not pled any other facts tying IPLA to this case. As Mr. Shim stated in his declaration, IPLA has no presence in Wyoming, including no offices, employees, contractors, or sales representatives. ECF No. 14-1, ¶ 6. Mr. Shim has not personally ever traveled to Wyoming, does not conduct business in Wyoming, and Bame nor Tek Resources acted in any way on behalf of, or with knowledge of, himself or IPLA. ECF No. 14-1, ¶¶ 7-8.

Nothing in the SAC refutes Mr. Shim's Declaration or provides any even remotely potential or competent evidence to show IPLA is subject to personal jurisdiction in Wyoming. Allowing Plaintiffs to file the SAC, and specifically include claims against IPLA, is futile and continues to offend traditional notions of fair play and substantial justice. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.,* 877 F.3d 895, 908-09 (10th Cir. 2017). Plaintiffs request to file the SAC should be denied and IPLA should be dismissed from this matter for lack of personal jurisdiction.

## <u>CONCLUSION</u>

For the reasons explained herein, the Court should deny Plaintiffs' *Motion for Leave to File a Second Amended Complaint*.

**DATED** this 5th day of January, 2024.

                                                     Tek Resources LLC, James Edward Bame, and IPLA P.A., Defendants

By: */s/ Lucas Buckley*
     Lucas Buckley, #6-3997
     Melissa K. Burke, #7-5694
     HATHAWAY & KUNZ, LLP
     P. O. Box 1208
     Cheyenne, WY  82003-1208
     (307) 634-7723
     (307) 634-0985 (fax)
     lbuckley@hkwyolaw.com
     mburke@hkwyolaw.com

Attorneys For Defendants

## CERTIFICATE OF SERVICE

     This is to certify that on the 5th day of January, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

Robert V. Cornish, Jr.             [✓]  CM/ECF
680 South Cache Street, Suite 100   [  ]  Fax:
P.O. Box 12200                  [  ]  E-mail:
Jackson, WY 83001            rcornish@rcornishlaw.com
*Attorney for Plaintiffs*

*/s/ Lucas Buckley*
Hathaway & Kunz, LLP